IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Thomas Jackson Gilliland, | ) | Case No.: 12-03830-BGC-7 |
| | ) | |
| Debtor. | ) | |
| | | |
| Rosemary Gilliland, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | A. P. No.: 12-00164 |
| | ) | |
| Thomas Jackson Gilliland, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

**I. Background**

The plaintiff filed a Complaint to Determine Dischargeability of a Debt Pursuant to 11 U.S.C. § 523 on November 7, 2012. In that complaint she contended, as related to the parties' divorce, that the debtor-defendant owed debts to her that were not dischargeable in the pending case pursuant to section 523(a)(5) and 523(a)(15) of the Bankruptcy Code.

The specific matters before the Court are:

1. The Plaintiff's Motion for Partial Summary Judgment to Declare the Obligations of the Debtor Thomas Jackson Gilliland Under the Divorce Decree Nondischargeable filed on April 15, 2013;

2. The Defendant's Answer to Motion for Summary Judgment filed on May 20, 2013; and

3. The Plaintiff's Reply to Defendant's Response to Plaintiff's Motion for Partial Summary Judgment and Supplemental Undisputed Facts in Support of Plaintiff's Motion for Partial Summary Judgment filed on June 4, 2013.

In her motion for partial summary judgment, the plaintiff seeks a nondischargeable judgment for: (1) the alimony awarded to her in the parties' divorce degree; and (2) one for the debtor's requirement in their decree to maintain a life insurance policy naming her as the beneficiary. Because the debtor agrees that whatever alimony he owes the plaintiff is not dischargeable in this case, this order addresses only the question of the life insurance policy. In that regard, in his <u>Defendant's Answer to Motion for Summary Judgment</u>, the defendant contends that the insurance provision in the parties' agreement does not create a nondischargeable debt.

After notice, a hearing was held on June 11, 2013. Appearing were Brent Davis, the attorney for Defendant-Debtor; Rosemary Gilliland, the plaintiff; and her attorney Harrison Willis. The matter was submitted on the arguments of counsel and the pleadings.

## II. Summary Judgment Standard

The standards for resolving issues within the context of a summary judgment motion are outlined in the Eleventh Circuit Court of Appeals decision in <u>Fitzpatrick v. City of Atlanta</u>, 2 F.3d 1112 (11th Cir.1993). This Court has applied those standards in this proceeding.

## III. Applicable Law

The pertinent part of the applicable law reads:

(a)  A discharge under section 727... of this title does not discharge an individual debtor from any debt –

-----
(5)  for a domestic support obligation;

-----
(15)  to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit;

11 U.S.C. §§ 523(a)(5) and (15).

2

## IV. Issue

The single issue is whether the requirement of the debtor to maintain a life insurance policy is a nondischargeable debt.

## V. Findings of Fact

The facts necessary to decide these matters are not complicated and are not disputed.

The parties' divorce decree was entered on December 17, 2009. That decree incorporated the parties' <u>Agreement of the Parties</u> which was executed on October 19, 2009. At paragraph 7, that agreement included, "The Defendant agrees to keep in full force and effect the $175,000 policy on his life with the Plaintiff named as sole beneficiary." <u>Exhibit "B" to Plaintiff's Affidavit in Support of Her Motion for Partial Summary Judgment</u> at 2.

The context of the life insurance provision in the parties' agreement is important. The entire agreement provides:

<u>AGREEMENT OF THE PARTIES</u>

WHEREAS, the Plaintiff and Defendant have entered into an Agreement and are desirous of settling all the differences between themselves and fixing their rights and responsibilities, and both parties hereby petition the Court to consider this Agreement and to incorporate its terms into a FINAL ORDER.

NOW THEREFORE, in consideration of the promises herein contained, the parties covenant and agree, each with the other, as follows:

1. The Plaintiff avers that she is not expecting the birth of a child.

2. Each party is awarded his/her respective personal property.

3. The parties agree that the marital home shall be sold and any proceeds from said sale shall be divided equally between the parties. The Defendant agrees that he will be responsible for the selling of the marital home and that he will be responsible for the payment of both mortgages on said marital home until such time as the home is sold.

4. The parties agree to divide their household furniture and furnishings in an equitable manner.

5. Each party agrees to be responsible for any and all debts in his/her respective names with the other party held harmless therefrom.

3

6. The Defendant agrees to pay the Plaintiff the sum of $1000 per month as alimony beginning October 1, 2009, and continuing monthly thereafter until such time as the Plaintiff's Cincinnati Life policy stops paying the Plaintiff. At that time, the Defendant agrees to increase this alimony to $1500 per month. The Defendant agrees to have this alimony automatically deducted from his paycheck each month and deposited into Plaintiff's account at Wachovia Bank.

7. The Defendant agrees to keep in full force and effect the $175,000 policy on his life with the Plaintiff named as sole beneficiary.

8. The Defendant agrees to make arrangements with the Plaintiff so that he will not be present at the marital home at the time that the Plaintiff tells the Defendant she is moving.

9. It is further agreed by both parties that in the event said divorce is granted, the Court shall make the stipulations of this agreement a part of the final Decree, the same as if the reference had been held, reported and confirmed by the Court. In the event that a Final Decree of Divorce is not granted, this Agreement shall be null and void and of no effect.

10. Each party hereto acknowledges that each of them is making this Agreement of his or her own free will and acknowledged that no coercion, force, pressure, or undue influence has been used against either party in the making of this Agreement, either by the other party hereto or b y any other person or persons. The parties hereto further acknowledge that they fully understand the terms, covenants, and provisions of this Agreement, believe its terms to be fair, just and adequate, and voluntarily accept such terms and conditions.

11. The parties understand that effective January 1, 1997, that Title 30-2-8.1 requires that all final judgments for divorce not b e entered until after thirty (30) days from the filing of a Summons and Complaint. For that reason, as soon as all fees and costs are paid, the Agreement entered herein will be filed, but it will be at least thirty (30) days after the date of filing before the divorce can be made final. Until made final, the parties agree to adhere to the contractual arrangements entered herein.

IN WITNESS WHEREOF, we have hereunto set our hands and seals on this the 19th day of October, 2009.

| /s/Glenda V. Bush | /s/Rosemary Gilliland |
|---|---|
| WITNESS | PLAINTIFF |
| | |
| /s/Glenda V. Bush | Thomas Jackson Gilliland |
| WITNESS | DEFENDANT |

Id.

4

As the first part of the agreement shows, paragraphs 2 through 5 provide for division of the parties' real property, personal property, and debts.[1]

As the second part of the agreement shows, paragraphs 6 and 7 provide for aid to the plaintiff from the defendant.

As the third part of the agreement shows, paragraphs 8 through 11 include miscellaneous legal provisions, except paragraph 8 which requires a personal accommodation for the plaintiff when she moves from the parties' home.

## VI.  Conclusions of Law

### A.  Statutory Construction

#### 1. 523(a)(5) - Support

This Court summarized the test of section 523(a)(5) in its opinion in Hackney v. Hackney (In re Hackney), Case No. 07-40952-JJR-11, A.P. No. 07-40080, 2008 WL 4830040 (Bankr .N.D. Ala. Oct. 10, 2008). That opinion included:

> Under Section 523(a)(5), whether a debt is actually in the nature of support is a question of federal law to be determined by the bankruptcy court, and the court makes a simple inquiry into whether the obligation was intended by the parties at creation to function as support. Bell v. Bell (In re Bell), 357 B.R. 167, 172 (Bankr .M.D. Ala.2006).

Id. at 14.  See also this Court's discussion in In re Stanley, Case No. 11-03426-BGC-7, A.P. No. 11-00367, 2013 WL 1336103 (Bankr. N.D. Ala. Mar 29, 2013).

#### 2.  523(a)(15) - Property Settlement

The court in Bullinger v. Wehr (In re Wehr), 292 B.R. 390 (Bankr. D.N.D. 2003) summarized the test of section 523(a)(15) in its opinion. That opinion included:

> section 532(a)(15) excepts from discharge debts that are not for support but that arise out of divorce proceedings, with the two exceptions delineated in subsections (A) and (B).
>
> In an action to except nonsupport divorce debt from discharge, the nondebtor spouse has the initial burden of proving, both in terms of going forward with the evidence and the burden of persuasion, that the debt

---

[1] Paragraph 1, where the plaintiff avers that she is not pregnant, is irrelevant to the issues at hand.

owed by the debtor is one incurred in connection with a divorce and is in the nature of a property settlement debt rather than a debt for alimony, maintenance, or support. Fellner v. Fellner (In re Fellner), 256 B.R. 898, 902 (8th Cir. BAP 2001).

Id. at. 400.

### B. Case Law

There are reported decisions that support both sides of the issue of whether an obligation to maintain a life insurance policy creates a nondischargeable debt.

One decision that supports dischargeability is Bullinger v. Wehr (In re Wehr), 292 B.R. 390 (Bankr. D.N.D. 2003). Like the defendant here, the one in Wehr was required to maintain a life insurance policy for the plaintiff. Because of the wording of the parties' divorce decree, the court found that obligation to be dischargeable. The opinion reads:

> In this case, the language of the settlement agreement indicating the purpose of the life insurance policy is unambiguous: "[Wehr] agrees to secure payment of this Note by naming [Bullinger] as beneficiary of one of [Wehr's] life insurance policies to the extent of the face value of the Note." (Emphasis added.) Because the function of the life insurance policy is directly tied to the function of the payment on the promissory note through the settlement agreement, the court deems the nature of the obligations to be similarly tied. See Klayman v. Klayman (In re Klayman), 234 B.R. 151, 153 (Bankr.M.D.Fla.1999) (finding that a debtor had a nondischargeable obligation to procure life insurance in the amount of the outstanding balance on the alimony award, but not in the amount owing on the property settlement, where a provision in the settlement agreement required the debtor to maintain life insurance for the benefit of his former spouse until all of his financial obligations to her were satisfied). Thus, the obligations to pay on the promissory note and to maintain life insurance for the benefit of Bullinger are both in the nature of a property award and are not excepted from discharge under section 523(a)(5).

Id. at 400.[2] The court also concluded that the defendant met the test of section

---

[2] See also Beggs v. Niewdach and Beggs v. Tripcony Law Firm, P.A. (In re Beggs), 314 B.R. 401 (Bankr. E.D.Ark. 2004) where the court held that an obligation to maintain a life insurance policy which the debtor sought to discharge, although created by the parties' settlement agreement, was dischargeable where the ex-spouse's daughter, not the not the ex-spouse, was the beneficiary of policy.

6

523(a)(15).[3]

In contrast, the decision in Mesenbrink v. Eiklenborg (In re Eiklenborg), 286 B.R. 718, 725 (Bankr.N.D.Iowa 2002) supports the plaintiff here. That opinion includes:

---

[3] The Wehr court acknowledged:

several courts have held that life insurance obligations which have the effect of providing support and ensuring a home for the former spouse and children in the event of the untimely death of the debtor are nondischargeable under section 523(a)(5) to the extent that they are intended to provide such support. See Merrill v. Merrill (In re Merrill), 246 B.R. 906, 916 (N.D.Okla.2000), aff'd, 252 B.R. 497 (10th Cir. BAP 2000) (finding obligation to pay life insurance premiums nondischargeable because "the major if not the sole purpose of life insurance is to provide monies to replace the income stream lost upon the demise of the breadwinner"); Holder v. Holder (In re Holder), 92 B.R. 294, 297 (M.D.Tenn.1988) (affirming the bankruptcy court's nondischargeability finding on the grounds that the life insurance was necessary to give the former spouse partial assurance that she would receive the support intended by the final divorce decree in the event of the debtor's death); Guerron v. Grijalva (In re Grijalva), 72 B.R. 334, 337 (S.D.W.Va.1987) (affirming bankruptcy court determination of nondischargeability debtor's obligation to maintain life insurance because his former spouse and children were completely dependent upon the debtor for support and the family would be left destitute and dependent on public assistance for survival if anything happened to the debtor); Mesenbrink v. Eiklenborg (In re Eiklenborg), 286 B.R. 718, 725 (Bankr.N.D.Iowa 2002) (obligation to maintain life insurance for the benefit of minor children nondischargeable where premiums have the effect of providing support for the former spouse and children in the event of the untimely demise of the insured); Sweck v. Sweck (In re Sweck), 174 B.R. 532, 536 (Bankr.D.R.I.1994) (holding that the debtor's obligation to maintain life insurance with his former wife as the beneficiary was a nondischargeable support obligation given the large disparity in the parties' earning capacities and the former wife's need for continuing support because of her age and doubtful employability); Mohn v. Mohn (In re Mohn), 118 B.R. 51, 57 (Bankr.E.D.Va.1990) (finding debtor's obligation to maintain a life insurance policy on his life was intended to be a "safety net" of alimony and pension payments); Lineberry v. Lineberry (In re Lineberry), 9 B.R. 700, 709 (Bankr.W.D.Mo.1981) (finding that the debtor's obligation to maintain an insurance policy on his life was nondischargeable under section 523(a)(5) based in part on the fact that the insurance was "obviously in the nature of security for payment of support and maintenance"); cf. Dressler v. Dressler (In re Dressler), 194 B.R. 290, 298–99 (Bankr.D.R.I.1996) (declining to find nondischargeable a debtor's obligation to maintain life insurance for his children's benefit until they finished attending college).

Id. at 399.

7

> This Court finds that the function served by Debtor's obligation to... maintain life or accident insurance presents conclusive evidence that the parties intended to create an obligation of support. Provisions for the payment of expenditures for necessities and the ordinary staples of everyday life are frequently reflective of a support function. Williams, 703 F.2d at 1057.
>
> ----
>
> Debtor's obligation to maintain life insurance or accident insurance for the benefit of the minor children in accordance with the Settlement Agreement is also not dischargeable in this case. The payment of the life insurance or accident insurance premiums has the effect of providing support for the former spouse and children in the event of the untimely demise of the insured. See In re Pierce, 142 B.R. 308, 309 (Bankr.E.D.Ark.1992); In re Barac, 62 B.R. 713, 717 (Bankr.E.D.Mo.1985).
>
> ----
>
> This Court finds that Debtor did not satisfy her burden as to either exception under § 523(a)(15). Debtor did not provide sufficient evidence as to enable this Court to conclude whether Debtor has the ability to pay the loan obligation and debts to the various creditors. Moreover, Debtor's testimony provides conclusive evidence that her standard of living does not fall materially below that of Plaintiff. Therefore, these debts to Plaintiff are excepted from discharge pursuant to § 523(a)(15).
>
> This Court further concludes that the function served by Debtor's obligation to... maintain life or accident insurance presents conclusive evidence that the parties intended to create an obligation of support. Accordingly, these debts are nondischargeable under § 523(a)(5).

Id. at 724-25.

This Court agrees with the analysis and decision in In re Merrill, 246 B.R. 906 (Bankr. N.D. Okla. 2000), aff'd 252 B.R. 497 (10th Cir. BAP 2000), aff'd 15 Fed.Appx. 766 (10th Cir. 2001). That opinion is reflective of many that find insurance obligations nondischargeable. It includes:

Life Insurance

> The State Court ordered Mr. Merrill to "timely pay, maintain, and keep in effect, all life insurance policies on both parties" as part of the Second TSO. See Plaintiff's Exhibit 2. In the Decree, the State Court found that Mr. Merrill had failed to do so, and ordered Mr. Merrill to pay Ms. Merrill the sum of $3,483.00, representing the amount of such unpaid life

8

Case 12-00164-BGC   Doc 31   Filed 07/29/13   Entered 07/29/13 14:02:32   Desc Main
Document      Page 8 of 10

insurance premiums. As it did so, the State Court expressly ruled that these amounts had been ordered to be paid "for the support and maintenance of the Plaintiff and the minor children." See Plaintiff's Exhibit 1, pp. 30–31 and 41. This ruling was affirmed by the Court of Appeals. See Plaintiff's Exhibit 6.

Several bankruptcy courts have held that life insurance which "has the effect of providing support and ensuring a home for the former spouse and children in the event of the untimely demise" of the debtor/spouse is non-dischargeable. See Pierce v. Pierce (In re Pierce), 142 B.R. 308, 310 (Bankr.E.D.Ark.1992); see also In re Grijalva, 72 B.R. 334, 337 (S.D.W.Va.1987) (life insurance non-dischargeable "safety net of the child support and alimony"). In the present case, neither the death benefit amount nor the monthly premium for these insurance policies is part of the record. However, there can be little doubt that the major if not the sole purpose of life insurance is to provide monies to replace the income stream lost upon the demise of a breadwinner. The face amount of the policies at issue, whether large or small, would serve that purpose to some degree.

Defendant argues that the life insurance payments did not actually operate to support the Plaintiff or the parties' children because

> During this time period, Debtor [Mr. Merrill] did not, in fact, die. Even if Debtor had died during the pendency of the divorce, ex-wife and his children would have inherited everything and, as is readily ascertainable from the extensive Decree of Divorce, there was [sic] certainly sufficient marital assets to cover Debtor's obligations. Therefore, there was no need to insure anything.

See Debtor's Trial Brief at p. 17. The argument is unsound. The fact that someone did not die during a specific period of time does not mean that life insurance was unnecessary to protect against the risk. Under Defendant's line of thought, health insurance is prudent only for the sick, disability insurance only for the careless and auto insurance only for those contemplating a traffic accident. The purpose of the life insurance was to provide a means to pay the obligations under the First TSO and the Second TSO (short of liquidation of Mr. Merrill's assets) in the event of his death. That purpose was served by the life insurance, even though Mr. Merrill did not die. The Court concludes that the obligation of Mr. Merrill to provide life insurance for the benefit of Ms. Merrill is in the nature of support, and is thus non-dischargeable under § 523(a)(5).

Id. at 916-17 (footnote omitted).

## VII. Conclusion

  Based on the above, this Court finds that this defendant's obligation to maintain a life insurance policy, where the plaintiff is the sole beneficiary, is not dischargeable in this case pursuant to section 523(a)(5).[4] The simple, direct, and unencumbered language of that portion of the parties' agreement and the context of it in the entire agreement proves that the provision was intended as support.

  An Order will be entered contemporaneously with this Memorandum Opinion.

Dated: July 29, 2013     /s/Benjamin Cohen
             BENJAMIN COHEN
             United States Bankruptcy Judge

BC:pb

---

[4] As such, it is not necessary for the Court to apply the section 523(a)(15) test.

10